# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS DOUGLAS CRAFT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-10-1091-R |
| JOSEPH TAYLOR, | ) ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered May 5, 2011 [Doc. No. 29] and Plaintiff's Objection to the Report and Recommendation filed May 23, 2011 [Doc. No. 30]. The Magistrate Judge recommended that Defendant's motion to dismiss Plaintiff's Complaint for failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

Plaintiff's Objection is difficult to follow. First, Plaintiff asserts that he has shown that he submitted two requests to staff and received responses and then submitted grievance 10-150 having no deficiencies to the Warden. He states that the Warden in response advised Plaintiff that his grievance was out of time relative to the "incident," so Plaintiff understood he could not submit another grievance to the facility and thus instead appealed to the Oklahoma Department of Corrections. He states that the Magistrate Judge's statement that the Warden advised Plaintiff that he could resubmit his grievance in proper form within ten

days is not supported by the record. Based upon these statements, Plaintiff says that the record shows that he followed all of policy 090124 and that "officials actively interfered with the process." Objection at p. 4. He further suggests that exhaustion may be futile where officials so interfere and excused, citing Justice Breyer's concurring opinion in *Woodford v. Ngo*, 548 U.S. 81, 103-04, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Plaintiff is correct that the record does not support the Magistrate Judge's finding that the Warden's response indicated that he could resubmit his grievance within proper form in ten days. *See* Report and Recommendation at p. 5. The Cimarron Correctional Facility form for return of a grievance unanswered contains a box that can be checked to indicate that a corrected grievance may be submitted within ten days of receipt of the notice but that box was not checked. *See* Exhibit "2" to Plaintiff's Response to Motion to Dismiss at p. 1. Rather, the form indicated that "[n]o informal action taken, 'Request to Staff' response," apparently indicating Plaintiff did not attach a copy of the 14-A Informal Resolution Form or Request to Staff, as required by the CCA Grievance Policy 14-5 for the Cimarron Correctional Facility. *See* Exhibit "4" to Special Report at ¶ K(3)(c). The form also indicated that the grievance was "[o]ut of time of the date of the Incident" and "[o]ut of time from the date of the response to the request to staff until filing a grievance with Warden." *Id.* The record further reflects that Plaintiff submitted two Requests to Staff, one to a Mr. Hilligoss dated September 29, 2010, to which Mr. Hilligoss responded on October 5, 2010, *see* Plaintiff's Response to Motion to Dismiss, Exhibit "1" at p. 1, and one submitted to "Warden Taylor" on September 29, 2010, to which the Warden responded on October 5,

2010. *See id.*, Exhibit "1" at p. 2. According to Plaintiff's Complaint and the Special Report and Exhibit "2" thereto, Plaintiff was placed in the segregation program on or about September 29, 2010, so his Requests to Staff for informal resolution were timely. *See* "4" to Special Report at ¶ K(3)(a). However, although Plaintiff dated his Inmate/Offender Grievance Report Form October 6, 2010 as the "Date Sent to Reviewing Authority," *see* Exhibit "2" to Plaintiff's Response to Motion to Dismiss at p. 2, the Grievance Report Form for Grievance No. 10-150 was not received by the Warden until November 8, 2010. *Id.* The Warden responded to Grievance No. 10-150 on the above-described Grievance return form on November 8, 2010, the same date that Grievance 10-150 was received. *See* Exhibit "2" to Plaintiff's Response at p. 1. According to the Grievance Policy for the Cimarron Correctional Facility, a formal grievance must be filed within five (5) calendar days of the response date listed on the Informal Resolution form, *i.e.,* the Request to Staff. Exhibit "4" to Special Report at ¶ M(1)(a). Plaintiff's formal grievance was not filed until more than thirty (30) days after the response date of October 5, 2010 listed on both of the Requests to Staff. Hence, Plaintiff's formal grievance was, as indicated by Grievance response/return form, untimely.

Plaintiff then failed to follow the Cimarron Correctional Facility Grievance Policy to appeal the rejection of Grievance 10-150 on grounds of its untimeliness and failure to attach the Requests to Staff to the Grievance Report Form. The policy provides as follows:

> If an inmate/resident is not satisfied with the decision of a formal or emergency grievance, the inmate/resident may complete the appeal section of 14-5B and resubmit the grievance. ***Inmates/residents are entitled to appeal***

> *all adverse decision, even those made on a purely procedural basis including but not limited to the expiration of a time limit*. The inmate must file the appeal within five (5) calendar days of the response date listed on the 14-5B Inmate/Resident Grievance form.
>
> CCA Grievance Policies 14-5 for the<br>Cimarron Correctional Facility (Exhibit<br>"4" to Special Report at ¶ P(1)<br>(emphasis added)

Instead, Plaintiff bypassed this appeal procedure and submitted a grievance to the Administrative Review Authority, *i.e.,* the Director of the Oklahoma Department of Corrections on November 15, 2010. *See* Oklahoma DOC Grievance Policy, OP-090124 (Exhibit "3" to Special Report). The record reflects that Plaintiff's grievance was returned unanswered to Plaintiff on November 15, 2010 because Plaintiff was "on grievance restriction and/or proper documentation not included." *See* Exhibit "8" to Special Report at p. 7. There is no dispute but that Plaintiff was on grievance restriction. Grievance restriction does not prevent an inmate from filing a grievance but the provisions relating to the grievance restriction show that grievances by those on grievance restriction must be accompanied by certain information, as described by the Magistrate Judge in the Report and Recommendation. *See* Report and Recommendation at pp. 2 & 4. And although Plaintiff could have resubmitted his grievance to the DOC within the time limit allowed, *see* Exhibit "3" to Special Report at /o VII(B), with the accompanying information necessary for an inmate on grievance restriction to file a grievance, there is no evidence in the record that he did so.

As is evident from the foregoing, Plaintiff began the grievance process but he did not comply with the applicable grievance policies' procedures in several ways and he never completed the process. Accordingly, Plaintiff failed to exhaust his available administrative remedies and is, therefore, barred by the PLRA from pursuing his Complaint herein challenging prison conditions. *See Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (PLRA requires proper exhaustion of administrative remedies which means a prisoner grievant must comply with all of a prison system's critical procedural rules; a prisoner cannot simply wait until administrative remedies are no longer available to him and then claim all available administrative remedies have been exhausted; if a prisoner never pursues all available avenues of administrative review, he will never be able to sue in federal court); *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (proper compliance with grievance procedures is necessary to exhaust administrative remedies; "substantial compliance is insufficient") *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)(beginning the grievance process but not completing it does not satisfy exhaustion requirement and bars an inmate from pursuant a § 1983 claim challenging prison conditions).

Plaintiff's citation to Justice Breyer's concurring opinion in *Woodford v. Ngo*, *supra*, lends Plaintiff no assistance because the United States Supreme Court has said that it "will not read futility or other exceptions into [PLRA's] statutory exhaustion requirement[ ]." *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958, 966 n. 6 (2001)(quoted in *Griffin v. Romero*, 399 Fed. Appx. 349, 351 (10th Cir. Oct. 19, 2010)(No. 10-2138)). There is no evidence in the record that prison or DOC officials in any way

interfered with Plaintiff's attempt to follow the grievance procedures or with the procedures themselves. Moreover, there is no recognized exception to the exhaustion requirement for official interference.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED except with respect to the single finding noted herein; Defendant's motion to dismiss [Doc. No. 20] is GRANTED; and Plaintiff's Complaint is DISMISSED without prejudice for failure to exhaust administrative remedies. Because Plaintiff's Complaint must be and is dismissed, Plaintiff's motions for preliminary injunction [Doc. Nos. 3 & 22], Plaintiff's motion for order [Doc. No. 23] and Plaintiff's motion for leave [Doc. No. 28] are DENIED as moot.

IT IS SO ORDERED this 25th day of May, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE